Dismissed and Memorandum Opinion filed September 9, 2004









Dismissed and Memorandum Opinion filed September 9,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00285-CV

____________

 

DAVID FOSTER
and CHRISTEENE FOSTER, Individually and as Next Friend of Christopher Foster, a
minor, Appellants

 

V.

 

HARRIS COUNTY FLOOD CONTROL
DISTRICT, Appellee

 



 

On
Appeal from the 280th District Court

Harris
County, Texas

Trial
Court Cause No. 03-55425

 



 

M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from an order granting
appellee=s plea to the jurisdiction signed
March 10, 2004.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon Supp.
2004).  In appellants= brief, they raise two points of
error claiming the trial court erred in granting appellee=s plea to the jurisdiction because
appellee had actual notice of appellants= claim pursuant to section 101.101 of
the Texas Tort Claims Act.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.101 (Vernon 1997).  








On July 9, 2004, the Texas Supreme Court issued two opinions
directly relevant to this appeal.  First,
in The University of Texas Southwestern Medical Center at Dallas v.
Loutzenhiser, the court held that Athe failure to give notice of a claim
as required by section 101.101 does not deprive a court of subject matter
jurisdiction over an action on the claim.@ 
47 Tex. S. Ct. J. 869, 876 (July 9, 2004).  In Texas Department of Criminal Justice v.
Simons, the court held Aactual notice under section 101.101(c) requires that a
governmental unit have knowledge of the information it is entitled to be given
under section 101.101(a) and a subjective awareness that its fault produced or
contributed to the claimed injury.@ 
47 Tex. S. Ct. J. 861, 868 (July 9, 2004).  Relying on Loutzenhiser, the court
concluded that because lack of notice is not jurisdictional, it cannot be made
the basis of a plea to the jurisdiction in the trial court.  Id. at 869.  Consequently, a court of appeals has no
jurisdiction over an interlocutory appeal from a ruling on a plea to the
jurisdiction challenging notice and must dismiss the appeal.  Id. 


On July 22, 2004, notification was transmitted to all parties
of the court=s intention to dismiss the appeal for
want of jurisdiction.  See Tex. R. App. P. 42.3(a).  The court requested supplemental briefing
addressing our jurisdiction to hear the appeal. 
The parties filed supplemental briefs on August 19, 2004, and August 30,
2004.  Both parties agree this court
lacks jurisdiction over this appeal.  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed September 9, 2004.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore.